```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
MARWARD SHIPPING CO. LTD.,

                Plaintiff,            MEMORANDUM OPINION
                                      AND ORDER

        -against-                     08 Civ. 9267 (MGC)


JORDAN NATIONAL LINES FOR SHIP
OPERATIONS LTD.,
                Defendant.
----------------------------------X

APPEARANCES:

        LYONS & FLOOD LLP
        Attorneys for Plaintiff
        65 West 36th St., 7th Floor
        New York, New York 10018

        By:  Jon Werner, Esq.

        BLANK ROME LLP
        Attorneys for Defendant
        405 Lexington Avenue
        New York, New York 10174

        By:  Jeremy J.O. Harwood, Esq.
```

**Cedarbaum, J.**

Marward Shipping Co. Ltd. ("Marward") commenced this action on October 29, 2008, seeking issuance of a Process of Maritime Attachment and Garnishment pursuant to Fed. R. Civ. P. Sup. R. B. At a conference on November 24, 2008, Jordan National's attorney appeared and represented that he would accept service on behalf of his client. Jordan National's attorney again appeared at a conference on March 31, 2009, and filed a Notice of Appearance on

1

April 1.  In the interim, Jordan National registered with the New York Department of State on March 17, and appointed an agent for service of process.

In STX Panocean (UK) Co., Ltd., v. Glory Wealth Shipping Pte Ltd., No. 08-6131-cv, 2009 WL 704722 (2d Cir. March 19, 2009), the Second Circuit held that if a defendant has registered with the New York Department of State and appointed an agent for service of process, it is "found within the district" for the purposes of Rule B.  Id., Slip Op. at 10-11.

Jordan National is "found within the district."  It has appeared in this action through counsel, registered with the Department of State, and appointed an agent for service of process.  Because Jordan National is subject to personal jurisdiction in this district, there is no need obtain quasi in rem jurisdiction through an attachment.

Marward argues that an attachment may still issue because Jordan was not found at the time the Verified Complaint was filed.  I do not reach this issue because it would be futile to issue an attachment when Jordan National would be entitled to have that attachment vacated under the holding of STX Panocean.  Marward's motion is therefore denied.

       SO ORDERED.

Date:    New York, New York
         April 3, 2009       S\_____
                                     MIRIAM GOLDMAN CEDARBAUM
                                 United States District Judge